NUMBER
13-01-00484-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

 

SHA-RON DONTE BERRY 

A/K/A SHA=RON DONTE BERRY,                                  Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

    On
appeal from the 252nd District Court of Jefferson County, Texas.

                                                                                                                       


                          MEMORANDUM
OPINION

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








Pursuant to a plea
bargain agreement, appellant, Sha-Ron Donte Berry a/k/a Sha=Ron Donte Berry, pleaded
guilty to the offense of aggravated assault with a deadly weapon.  In accordance with the plea agreement, the
trial court found appellant guilty, assessed his punishment at five years
imprisonment, and made an affirmative finding that appellant had used a deadly
weapon in committing the offense. 
Appellant timely filed a pro se notice of appeal and employed
counsel to represent him on appeal.

As this is a memorandum
opinion not designated for publication and the parties are familiar with the
facts, we will not recite them here.  See
Tex. R. App. P. 47.1.

Appellant's counsel has
filed a brief in which he has concluded that this appeal is wholly frivolous
and without merit.  The brief meets the
requirements of Anders v. California, 386 U.S. 738 (1967), as it
presents a professional evaluation of why there are no arguable grounds for
advancing an appeal.  See Stafford v.
State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (citing High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. 1978)). 
Appellant=s counsel certified in
the brief that he has informed appellant of his right to review the appellate
record and to file a pro se brief. 
Counsel also filed a motion requesting that this Court extend the time
for appellant to file a pro se brief. 
We granted the motion and gave appellant until April 4, 2002 to file his
brief.  No such brief has been filed.

We must first
determine whether this Court has jurisdiction to consider this appeal.  Because appellant appeals from a judgment
rendered on a guilty plea made pursuant to a plea bargain agreement, and the
punishment assessed did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant, we must consider the threshold issue of whether
appellant=s notice of
appeal is sufficient to confer jurisdiction on this Court.








The record
shows that appellant filed only a general notice of appeal.  Because appellant=s notice of
appeal does not specify that the appeal is for jurisdictional defects, from a
ruling on a pre-trial motion, or that the trial court granted appellant
permission to appeal, it does not comply with the specific notice requirements
of Texas Rule of Appellate Procedure 25.2(b)(3).  See Tex.
R. App. P. 25.2(b)(3).

The Texas Court
of Criminal Appeals has held that when an appellant fails to comply with the
extra-notice requirements of rule 25.2(b), the court of appeals lacks
jurisdiction to consider the appeal, even for voluntariness issues.  See Cooper v. State, 45 S.W.3d 77, 83
(Tex. Crim. App. 2001) (holding that rule 25.2(b) does not permit the
voluntariness of a plea to be raised on appeal, unless the trial court has
granted permission for an appeal). 
Accordingly, we conclude that this Court does not have jurisdiction to
consider this appeal.

Upon receiving
a Afrivolous
appeal@ brief,
appellate courts must conduct Aa full
examination of all the proceeding[s] to decide whether the case is wholly
frivolous.@  Penson v. Ohio, 488
U.S. 75, 80 (1988).  We have
carefully reviewed the appellate record and counsel=s brief, find
nothing in the record that might arguably support the appeal, and agree with
appellant=s counsel that
the appeal is wholly frivolous and without merit.  See Stafford, 813
S.W.2d at 511.

We dismiss this
appeal for want of jurisdiction.

 

 

FEDERICO G.
HINOJOSA

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

13th
day of June, 2002.